IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SIMS,<br><br>   Plaintiff,<br> v.<br><br>CELLCO PARTNERSHIP, d/b/a VERIZON WIRELESS,<br><br>   Defendant         / | No. C-07-1510 MMC<br><br>**ORDER RE: JOINT SUPPLEMENTAL SUBMISSION REGARDING CHARITABLE DISTRIBUTION; VACATING OCTOBER 2, 2009 HEARING** |

  Before the Court is the parties' Joint Supplemental Submission Regarding Charitable Distribution in Support of Final Approval of Settlement, filed September 29, 2009. Having read and considered said filing, as well as the parties' Joint Submission Regarding Charitable Distribution Pursuant to Settlement Agreement, filed August 24, 2009, the Court rules as follows.[1]

  In the first of the above-described supplemental filings, the parties, relying, in essence, on the doctrine of cy pres, seek approval of their proposal that excess funds be distributed to specified charities in the form of cash rather than in the form of goods and services, which the parties had initially proposed. See, e.g., In re Compact Disc Minimum Advertised Price Antitrust Litigation, 236 F.R.D. 48, 50-52 (D. Me. 2006) (approving, in context of class action settlement, parties' agreement that excess monies remaining in

---

[1] The hearing scheduled for October 2, 2009 is hereby VACATED.

settlement fund would be "subject to cy pres distribution"); see also Estate of Puckett, 111 Cal. App. 3d 46, 48, 50-53 (1980) (noting cy pres "is an equitable power" that allows courts "to meet unexpected contingencies" by directing disposition of property to a "related charitable purpose"; holding where terms of trust provided interest earned thereby was to be used to fund two scholarships, and thereafter interest earned "substantially exceed[ed]" amount to be used therefor," trial court should "determine the use of the surplus income applying the cy pres doctrine").

In the second of the above-described supplemental filings, the parties assert it is unnecessary to provide notice to the class of the proposed revision. A district court has the discretion, in order to "protect class members and fairly conduct the action," to direct the parties to provide "appropriate notice to some or all class members" of "any step in the action," see Fed. R. Civ. P. 23(d)(1)(B), and must direct such notice if "due process" so requires with respect to the particular "step" in question, see In re Gypsum Antitrust Cases, 565 F.2d 1123, 1127 (9th Cir. 1977). "In [the latter] respect the trial court has an obligation to those not before it to ensure that they are apprised of proceedings that may finally affect them." See id.[2]

Here, as the parties correctly observe, the class has been given notice that in the event of an excess of funds, such excess would be used to make charitable donations; no class member filed an objection to that term, or to any other term, of the proposed settlement. The proposed revision, specifically, distribution of the excess funds in the form of cash rather than in goods and services, would have no effect on the amount of funds that will be distributed to any class member. Consequently, the Court finds due process does not require further notice be provided to the class members, nor will the Court exercise its discretion to require such notice, given the delay in the distribution of payments to the class and additional expenditures attendant thereto.

---

[2] Where, as here, the parties propose to settle claims on behalf of a class, the class must be given notice of the proposed settlement and of the right to opt out of the proceedings. See id. at 1125-26. The instant class previously received such notice. (See Waugh Decl., filed July 10, 2009, ¶¶ 4-6, Ex. A.)

Accordingly, the parties will not be ordered to provide notice to the class of the proposed revision, and by separate order, the Court will approve the settlement as presently proposed.

**IT IS SO ORDERED.**

Dated: October 1, 2009

_____
MAXINE M. CHESNEY
United States District Judge