UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHELLE SIMS, individually and on behalf of a class of similarly-situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, a Delaware general partnership.,<br><br>Defendant. | Case No. 07-1510 MMC<br><br>The Honorable Maxine M. Chesney<br><br><u>CLASS ACTION</u><br><br>[~~SECOND PROPOSED~~] **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

[~~SECOND PROPOSED~~] **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

[SECOND PROPOSED] FINAL JUDGMENT AND ORDER
CASE NO. C-07-1510 MMC

1    This matter came on for hearing on July 24, 2009, at 9:00 a.m.  The Court has
2    considered the Stipulation of Settlement ("Stipulation"), the submissions by the parties in
3    support of the proposed settlement (including the Joint Submission Regarding Charitable
4    Distribution Pursuant To Settlement Agreement submitted by the parties subsequent to
5    the Final Approval Hearing), the record in the Action and the arguments and authorities
6    of counsel.  Good cause appearing,
7        IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:
8        1.    The Court, for purposes of this Final Judgment and Order of Dismissal
9    With Prejudice ("Judgment"), adopts the terms and definitions set forth in the Stipulation.
10       2.    The Court has jurisdiction over the subject matter of the Action, Plaintiff,
11   the Settlement Class Members, and defendant Cellco Partnership d/b/a Verizon Wireless
12   ("Verizon Wireless").
13       3.    The Court finds that the notice to the Settlement Class of the pendency of
14   the Action and of this settlement, as provided by the Stipulation and by an Order of this
15   Court dated February 18, 2009, constituted the best notice practicable under the
16   circumstances to all persons and entities within the definition of the Settlement Class, and
17   fully complied with the requirements of Federal Rule of Civil Procedure 23 and due
18   process.
19       4.    The Court approves the settlement as set forth in the Stipulation and finds
20   that the settlement is in all respects fair, reasonable, adequate and just to the Settlement
21   Class Members, and the Settling Parties are hereby directed to perform its terms, subject
22   to the terms of this Order.
23       5.    Upon the Effective Date hereof and pursuant to the Stipulation, Verizon
24   Wireless shall do the following:
25           a.    Consideration to the Class
26   Verizon Wireless will provide one million dollars ($1,000,000) to the Settlement
27   Class as further described below.
28           b.    Refunds for Settlement Class Members

1

[SECOND PROPOSED] FINAL JUDGMENT AND ORDER
CASE NO.  C-07-1510 MMC

1   Verizon Wireless shall refund to Settlement Class Members who filed claims with the
2   Settlement Administrator prior to August 15, 2009 the amount of fifteen dollars ($15).  To the
3   extent that a Settlement Class Member previously received a partial credit or refund, Verizon
4   Wireless shall refund the amount for which the Settlement Class Member did not previously
5   receive a credit or refund, up to a maximum of $15 ("Refund Amount").

6   The Refund Amount shall be provided as follows:  (a) in the form of a credit on their
7   bill or, in the sole discretion of Verizon Wireless, in the form of a cash payment, for
8   Settlement Class Members who are current Subscribers; (b) in the form of a cash payment for
9   those Settlement Class Members who are former Subscribers and who are not delinquent on
10  their closed accounts for an amount in excess of $15; and (c) if a former Subscriber is
11  delinquent on his or her closed account, then that former Subscriber shall receive a credit on
12  the delinquent account in an amount equal to the Refund Amount that otherwise would have
13  been payable under the settlement or, in the sole discretion of Verizon Wireless, a cash
14  payment.  Refunds or credits shall be issued within 60 days of the Effective Date.

15  The Settlement Administrator shall reject any claim that is fraudulent, invalid,
16  insufficient, incomplete or untimely.  Verizon Wireless, in its sole discretion, may choose
17  to honor a claim or claims that would otherwise be rejected by the Settlement
18  Administrator.  In the event that a claim is rejected, the Settlement Administrator will
19  notify the claimant and Lead Class Counsel of the rejection.  Lead Class Counsel and
20  counsel for Verizon Wireless shall meet and confer regarding any disputed claims and
21  will attempt in good faith to resolve such disputes.  In the event the Parties cannot resolve
22  the dispute, the Parties shall request the assistance of the Court.

23              c.       Charitable Distribution

24  The difference between the amount of the total claims and one million dollars
25  ($1,000,000) (the "Remaining Funds") shall be distributed in the form of cash distributions to
26  the following charities in the amounts listed below, subject to any minor adjustments that may
27  be necessary after the final amount of the Remaining Funds is determined:
28

| | |
|---|---|
| National Domestic Violence Hotline | $300,225 |
| Family Violence Prevention Fund | $300,000 |
| National Center for Victims of Crime | $125,000 |
| Break the Cycle | $125,000 |
| The Institute on Domestic Violence in the African American Community | $120,000 |
| **Total** | **$970,225** |

The Court finds that such disposition is appropriate and gives its final approval to such charitable distribution.

6. The Court adjudges that the payment of attorneys' fees and expenses in the total amount of $283,980.70 to Class Counsel and the payment of an incentive award to plaintiff Michelle Sims in the amount of $1,000 are fair, reasonable and adequate, and that said attorneys' fees and expenses shall be paid to Class Counsel and said incentive award shall be paid to plaintiff Michele Sims pursuant to the terms of the Stipulation.

7. As of the Effective Date, Plaintiff and all Settlement Class Members shall be forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any capacity, in any action or proceeding that involves or asserts any of the Released Claims against any Released Parties and shall conclusively be deemed to have released and forever discharged the Released Parties from all Released Claims.

8. Plaintiff and all Settlement Class Members shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date. Plaintiff and all Settlement Class Members nonetheless release all such Released Claims against the Released Parties. Further, as of the Effective Date, Plaintiff and all Settlement Class Members shall be deemed to have

1 waived any and all protections, rights and benefits of California Civil Code section 1542
2 and any comparable statutory or common law provision of any other jurisdiction.
3      9.    The benefits and payments described in Paragraphs 5 and 6 are the only
4 consideration, fees, and expenses Verizon Wireless or the Released Parties shall be
5 obligated to give to Plaintiff, Settlement Class Members, and Class Counsel in
6 connection with the Stipulation and the payment of attorneys' fees and expenses.
7      10.    The Action and all claims asserted in the Action are dismissed on the
8 merits and with prejudice as to Plaintiff and all Settlement Class Members.
9 Notwithstanding the foregoing, this Judgment does not dismiss any of the individual
10 claims asserted by any persons or entities who have validly and timely requested
11 exclusion from the Settlement Class as provided for in sections 6.2-6.3 of the Stipulation.
12 A list of persons and entities who validly and timely requested exclusion is attached
13 hereto as Exhibit 1. Notwithstanding the dismissal of the Action, Verizon Wireless shall
14 not claim and may not be awarded any costs, attorneys' fees, or expenses.
15      11.    Without affecting the finality of this Judgment in any way, the Court
16 reserves exclusive and continuing jurisdiction over the Action, Plaintiff, the Settlement
17 Class Members, and Verizon Wireless for the purposes of supervising the
18 implementation, enforcement, construction, and interpretation of the Stipulation, the
19 Court's Order dated February 18, 2009, and this Judgment.
20      12.    Neither the Stipulation nor the Settlement contained therein, nor any act
21 performed or document executed pursuant to or in furtherance of the Stipulation or the
22 Settlement: (a) is or may be deemed to be or may be used as an admission, concession or
23 evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any
24 fact alleged by Plaintiff, the sufficiency or deficiency of any defense that has been or
25 could have been asserted in the litigation, or of any alleged wrongdoing, liability,
26 negligence, fault of the Released Parties, or any of them; (b) is or may be deemed to be or
27 may be used as an admission of, or evidence of, any fault or misrepresentation or
28 omission with respect to any statement or written document attributed to, approved or

1 made by any of the Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Released Parties or Plaintiff, or each or any of them, that any of the Plaintiff's claims is with or without merit, or that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial. Any of the Released Parties or Plaintiff may file the Stipulation and/or the Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in a proceeding to consummate or enforce the Stipulation or Judgment, or as otherwise required by law.

13. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14. Without further approval from the Court, the Parties are authorized to agree to and adopt such amendments, modifications and expansions of the Stipulation and its implementing documents (including all exhibits to the Stipulation) as (a) shall be consistent in all material respects with this Judgment, or (b) do not limit the rights of Settlement Class Members.

1 | All other relief not expressly granted to the Settlement Class Members is denied.

3 | Dated: __October 1_____, 2009     By: Order of the United States
                                              District Court for the Northern District
                                              of California

*[signature: Maxine M. Chesney]*

Hon. Maxine M. Chesney
UNITED STATES DISTRICT
JUDGE